[Cite as *State v. Moore*, 2019-Ohio-4609.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-19-009

    Appellee                              Trial Court No. 2017 CR 0445

v.

Chad Moore                                  **DECISION AND JUDGMENT**

    Appellant                            Decided:  November 8, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney,
for appellee.

Brian A. Smith, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} This matter is before the court on appeal from the judgment of the Erie County Court of Common Pleas, General Division, sentencing appellant Chad Moore to a 12-month prison term and ordering him to pay costs.  Finding no error, we affirm.

## I. Facts and Procedural Background

{¶ 2} On February 13, 2017, plainclothes officers approached appellant after he parked his vehicle in an apartment building's lot in Sandusky, Ohio. The officers had been looking for appellant, hoping he could assist them in another investigation, either with information or as a confidential informant. They parked their unmarked vehicle in an adjacent parking spot and approached appellant as he opened his car door. As the officers identified themselves, they immediately noticed a plastic bag of suspected crack cocaine and a metal crack pipe in plain view between the driver's seat and the doorframe.

{¶ 3} The officers collected the contraband, and appellant took a seat in their vehicle. The officers then spoke with appellant while driving around, returning him to his own vehicle afterwards. Appellant later ceased cooperating with officers, and police chose not to use him as a confidential informant. The officers then submitted the contraband taken from appellant's vehicle for testing.

{¶ 4} On October 12, 2017, based on the contraband collected on February 13, 2017, appellant was indicted and charged in Erie County Court of Common Pleas case No. 2017 CR 0445 with possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree. Appellant was taken into custody and served with the indictment on October 20, 2017, then released on bond.

{¶ 5} On October 26, 2017, appellant appeared for arraignment and proceeded pro se, challenging the trial court's jurisdiction under admiralty law and common law. The trial court entered a not guilty plea on appellant's behalf over his objection, provided

2.

appellant with information regarding securing a public defender, and continued the matter for further proceedings. Appellant was subsequently indicted on additional charges. On March 15, 2018, he was indicted on additional charges in Erie County Court of Common Pleas case No. 2018 CR 0163, for aggravated trafficking in drugs, with a forfeiture specification for $285, and aggravated possession of drugs, and on June 13, 2018, in Erie County Court of Common Pleas case No. 2018 CR 0303 for possession of cocaine. Throughout the proceedings, appellant vacillated between having a public defender and representing himself, with three separate public defenders entering an appearance on appellant's behalf.[1]

{¶ 6} After appellant failed to appear for a scheduled court date early in the proceedings, the trial court ordered his bond revoked. Appellant was taken into custody, where he remained throughout the remainder of the case. Appellant's first public defender, attorney Carroll, filed a motion seeking suppression of the evidence seized from his vehicle and suppression of statements made by appellant to police, and a request for a psychiatric evaluation.

{¶ 7} On September 6, 2018, the trial court held a hearing on appellant's motion to suppress, with appellant's second public defender, attorney Ballou, providing

---

[1] Appellant filed numerous pro se motions, chronicling his ongoing dissatisfaction with his public defenders and the criminal justice system. In one such motion, filed October 3, 2018, appellant sought dismissal of the charges against him "pursuant [to the] 14th, 13th amendment; civil rights," seeking damages in the amount of $43 million, and citing, as cause, the officers' failure to activate their body cameras during their encounter with him on February 13, 2017.

3.

representation. The trial court granted counsel additional time for counsel to submit supplemental briefs. On September 10, 2018, appellant appeared at a pretrial hearing and asked to proceed pro se, stating he was dissatisfied with Ballou. The trial court thoroughly explained appellant's rights, and in informing appellant of his rights, the trial court noted that Ballou raised strong argument on appellant's behalf related to the statements ordered suppressed. At appellant's request, the trial court continued the matter for a new public defender to enter an appearance. The trial court subsequently denied the motion to suppress as to the seizure of evidence, but granted the motion as to statements made by appellant to the officers.

{¶ 8} In November 2018, a third public defender, attorney Felter, entered an appearance, followed a month later by a motion seeking leave to withdraw, informing the trial court that appellant "had discharged him and demanded that he be permitted to represent himself[.]" Appellant indicated, however, that he was proceeding pro se under duress. The trial court, therefore, ordered Felter to remain until a new public defender entered an appearance to represent appellant. No new attorney entered an appearance.

{¶ 9} On February 5, 2019, appellant entered into a plea, negotiated on his behalf by Felter. In exchange for appellant pleading guilty to the sole charge in case No. 2017 CR 0445, possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree, the state agreed to dismiss the charges in case No. 2018 CR 0163 and case No. 2018 CR 0303. The state, furthermore, stipulated to 377 days of jail-time credit based on time appellant spent in custody, prior to his plea. The

4.

trial court proceeded directly to sentencing, and imposed a 12-month sentence, noted as "time served." The trial court did not suspend appellant's license or impose a fine, but did impose "court costs," with no mention at the sentencing hearing or in the judgment entry regarding the costs of supervision, confinement, or appointment of counsel.

{¶ 10} Appellant addressed the trial court at sentencing and inquired as to the amount of court costs owed, but did not otherwise object to imposition of those costs. The trial court directed appellant to inquire with the Erie County Clerk of Courts, and on February 7, 2019, the clerk sent appellant an itemized bill for court costs in the amount of $788. Appellant did not pay this bill.

{¶ 11} Appellant now appeals the trial court's imposition of costs, arguing as error:

> The failure of Appellant's trial counsel to make a motion for the waiver of court costs based upon Appellant's indigent status constituted ineffective assistance of counsel.

## II. Ineffective Assistance and Imposition of Costs

{¶ 12} In his sole assignment of error, appellant argues that his trial counsel was ineffective because he did not request waiver of costs at sentencing. To demonstrate ineffective assistance of appointed counsel, appellant must first show that trial counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because "effective assistance" may involve different approaches or strategies, our scrutiny of trial

5.

counsel's performance "must be highly deferential" with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 689. Should appellant demonstrate his trial counsel's performance was defective, appellant must also demonstrate that prejudice resulted. *Bradley* at paragraph two of the syllabus.

{¶ 13} Appellant argues that, because the trial court determined he was indigent, his trial counsel was defective in failing to move for a waiver of court costs at sentencing. Regardless of any request by appellant, the law required the trial court to impose the costs of prosecution, and render a judgment for those costs, even if appellant was indigent. *See* R.C. 2947.23(A)(1)(a). Other costs, such as the costs of appointed counsel, are discretionary, with imposition premised on a finding of a present or future ability to pay. *See* R.C. 2941.51(D). The record of proceedings indicates the trial court never considered appellant's present or future ability to pay discretionary costs, and did not impose these costs.

{¶ 14} Based on the record, the trial court imposed only the costs of prosecution. While these costs are mandatory, R.C. 2947.23(C) grants a trial court continuing jurisdiction to waive *payment* of costs at any time. Thus, the timing of a motion, seeking waiver of payment, is a matter of trial strategy. *State v. Southam*, 6th Dist. Fulton No. F-18-004, 2018-Ohio-5288, ¶ 67, quoting *State v. Pultz*, 6th Dist. Wood No. WD-14-083, 2016-Ohio-329, ¶ 61. A debatable trial strategy does not equal ineffective assistance of

6.

counsel. *Southam* at ¶ 68, quoting *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995).

{¶ 15} Even assuming appellant could demonstrate deficient performance by trial counsel, based on a failure to request waiver at sentencing, he demonstrates no resulting prejudice. Under R.C. 2947.23(C), the trial court retains authority to "waive, suspend, or modify the payment of the costs of prosecution" at any time after sentencing, regardless of whether appellant requested waiver at the time of sentencing. R.C. 2947.23(C); s*ee State v. Braden*, Slip Opinion No. 2019-Ohio-4204, ¶ 23 ("the statute specifically provides an exception to res judicata when a defendant did not request waiver at sentencing").[2] Therefore, despite appellant's claim of ineffective assistance of counsel arising from a failure to seek waiver of costs, appellant is not prejudiced from seeking waiver of costs in the future, and the trial court has continuing authority to consider such a request, so long as costs remain unpaid. *Braden* at ¶ 30. Trial counsel's failure to seek waiver at sentencing, therefore, did not constitute deficient performance that resulted in any prejudice to appellant, and we find appellant's sole assignment of error not well-taken.

---

[2] We note that appellee cites to *State v. Braden*, Slip Opinion No. 2018-Ohio-5079, ¶ 16 (*Braden I*) and *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. In *Threatt*, the Ohio Supreme Court held that a defendant must move for waiver of payment of costs at the time of sentencing, or the issue is "waived and costs are res judicata." Since the time the parties submitted their briefs, the Supreme Court decided *State v. Braden*, Slip Opinion No. 2019-Ohio-4204 (*Braden II*), on October 16, 2019. In *Braden II*, the Supreme Court vacated the ruling in *Braden I* and found *Threatt* superseded by the provisions of R.C. 2947.23(C).

7.

## III. Conclusion

{¶ 16} For the forgoing reasons, we affirm the judgment of the Erie County Court of Common Pleas.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         _____

                                              JUDGE

Christine E. Mayle, P.J.         

                    _____

Gene A. Zmuda, J.                                  JUDGE
CONCUR.

                    _____

                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.