[Cite as *State v. Davis*, 2020-Ohio-1353.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BENJAMIN A. DAVIS | : | Case No. 2017 CA 00055 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County
                             Court of Common Pleas, Case No.
                             17-CR-00051

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            April 6, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BILL HAYES                                JAMES A. ANZELMO
Prosecuting Attorney                      Anzelmo Law
                                          446 Howland Drive
By: CLIFFORD J. MURPHY                    Gahanna, Ohio 43230
Assistant Prosecuting Attorney
20 North Second Street
4th Floor
Newark, Ohio 43055

*Baldwin, J.*

{¶1}   The Supreme Court of Ohio has remanded this case so  this court "may conduct the ineffective-assistance-of-counsel analysis set forth in State v. Bradley, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989)."    *State v. Davis*, 2020-Ohio-309, ¶ 1 (*Davis* II).

### STATEMENT OF FACTS AND THE CASE

{¶2}   In *State v. Davis*, 5th Dist. Licking No. 17-CA-55, 2017-Ohio-9445, rev'd and remanded, 2020-Ohio-309, (*Davis* I) Benjamin Davis claimed he received ineffective assistance of counsel because his trial counsel did not request a waiver of court costs as permitted by R.C. 2947.32.  We found "no merit in Appellant's allegation that he received ineffective assistance of counsel" because R.C. 2947.23(C) as amended granted "appellant the ability to seek waiver of costs at any time, including after sentencing," and therefore, appellant was not prejudiced by the failure of his counsel to request a waiver at sentencing. *Id.* at 27.  Davis filed a motion requesting that we certify a conflict with the Eighth District Court of Appeals decision in *State Of Ohio Plaintiff-Appellee v. Carlton B. Springer Defendant-Appellant*, Cuyahoga No. 104649, 2017-Ohio-8861 on that issue. We granted the motion and the Supreme Court of Ohio accepted the case. That Court issued a decision and answered the certified-conflict question

> neither in the affirmative nor in the negative. Instead, we conclude that when
>
> trial counsel fails to request that the trial court waive court costs on behalf
>
> of a defendant who has previously been found to be indigent, a
>
> determination of prejudice for purposes of an ineffective-assistance-of-
>
> counsel analysis depends upon whether the facts and circumstances

presented by the defendant establish that there is a reasonable probability that the trial court would have granted the request to waive costs had one been made.

*Davis* II, ¶ 16

**{¶3}** The matter was remanded to this court to conduct the ineffective-assistance-of-counsel analysis set forth in *Bradley, supra,* in accordance with the opinion.

### ANALYSIS

**{¶4}** Davis was convicted of Assault on a Peace Officer, R.C. 2903.13(A), (C)(5) during a jury trial conducted May 17, 2017 and he was sentenced to fourteen months in prison plus time remaining on post release control.[1] At the sentencing hearing, neither Davis nor his counsel sought a waiver of court costs. Davis filed an appeal and submitted several assignments of error, only one of which is relevant to this case: "Davis received ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution *** when trial counsel failed to object to the trial court ordering Davis to pay court costs."

**{¶5}** In *Davis I* appellant argued the rationale used by the Eighth District Court of Appeals in *State v. Springer,* 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861 was applicable. In *Springer* the trial court concluded counsel was ineffective for failing to ask the trial court to waive court costs, the defendant previously having been found indigent. We declined to adopt the rationale in *Springer* and concluded that Davis did not receive ineffective assistance of counsel because defendants have the opportunity to request

---

[1] For purposes of this proceeding, the facts underlying the charge against Davis are not relevant and therefore not included.

waiver of costs at any time and failure to do so at trial is no longer res judicata. (R.C. 2947.23(C)). The Supreme Court of Ohio found that both the Eighth District's and our analysis of the alleged prejudicial impact of trial counsel's action was incomplete and that a complete review of the record and application of the test described in *Bradley, supra* was required. *Davis* II, at ¶1.

{¶6} We have reviewed the record in this matter and applied the analysis required by *Bradley,* and we conclude that appellant has not demonstrated that he satisfies either branch of the analysis required by that case.

{¶7} The Supreme Court of Ohio has directed that "when an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must apply the test in *State v. Bradley,* 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989)" and that:"[i]f a court analyzes the prejudice prong, then it must consider the facts and circumstances of the case objectively to determine whether the defendant established the necessary prejudice sufficient to support that claim—i.e., but for counsel's deficient performance, there exists a reasonable probability that the result of the proceeding would have been different." *Davis* II, at ¶1. (Davis II)

{¶8} The court in *Bradley, supra* instructed that:

When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were

violated, there must be a determination as to whether the defense was prejudiced by *** counsel's ineffectiveness." *Id,* at p.141–142, (Citations omitted.)

**{¶9}** In *Davis* II, the Supreme Court of Ohio refined the analysis of alleged prejudicial impact by noting that "[a]n appellate court's reliance on the fact that a defendant may move for a waiver of costs at a later time under R.C. 2947.23(C) in its prejudice analysis is improper" and that "a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so." *Davis* II, supra, p.14-15. Instead, a reviewing court must review all the circumstances that the defendant sets forth in attempting to demonstrate prejudice and determine whether there is a reasonable probability that the trial court would have granted a motion to waive costs had one been made. *Id.*

**{¶10}** A waiver of court costs is within the discretion of the trial court. Revised Code Section 2947.23 requires the trial court to "include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." The trial court retains jurisdiction to "waive, suspend, or modify the payment of the costs, at the time of sentencing or at any time thereafter." R.C. 2947.23(C). The trial court's decision regarding whether to waive costs is, therefore, "reviewed under an abuse-of-discretion standard. *State v. Braden,* 2019-Ohio-4204 (Ohio). While no motion to waive costs nor any decision regarding waiver is reflected in the record, we find that the identification of the standard of review is needed to complete our analysis.

**ESSENTIAL DUTIES**

{¶11} We first review the record to determine whether trial counsel violated his essential duties to Davis by failing to request a waiver of court costs under R.C. 2947.23. Appellant does not address this part of the *Bradley* analysis in his brief, and instead argues that a prior finding that a defendant was indigent demonstrates a reasonable probability that the trial court would have waived costs had counsel made the request, thus focusing on the second step of the analysis. Appellee likewise focuses on the second step of the *Bradley* analysis. We find it imperative to consider the first step to render a complete analysis as "both deficient performance and prejudice are required to justify reversal based on ineffective assistance of counsel." *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 259 (2015). (Citations omitted).

{¶12} We are guided by the United States Supreme Court ruling in *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984) describing the deference to be used in such an analysis:

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." See *Michel v. Louisiana,* supra,

350 U.S., at 101, 76 S.Ct., at 164. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

{¶13} The flexibility available to trial counsel after the adoption of R.C. 2947.23(C) places the decision regarding whether to request a waiver of costs into the category of trial strategy as described in *Strickland, supra*. Prior to its adoption, a failure to request of waiver of costs at sentencing resulted in a final judgment and a prohibition of any further consideration of that issue. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. Res judicata no longer bars appellant from requesting a waiver at any time after sentencing, so "[t]rial counsel may have decided as a matter of strategy not to seek a waiver or modification of court costs until some later time" and "[s]trategic timing may now play a role in trial counsel's decision." *State v. Farnese,* 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 16; *State v. Purifoy*, 2nd Dist. Montgomery No. 28042, 2019-Ohio-2942, ¶ 28. We find that the timing of a motion seeking waiver of payment is a matter of trial strategy. *State v. Southam,* 6th Dist. Fulton No. F-18-004, 2018-Ohio-5288, ¶ 67, quoting *State v. Pultz,* 6th Dist. Wood No. WD-14-083, 2016-Ohio-329, ¶ 61. And a debatable trial strategy does not equal ineffective assistance of counsel. *Southam,* supra at ¶ 68, quoting *State v. Phillips,* 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). *State v. Moore*, 6th Dist. Erie No. E-19-009, 2019-Ohio-4609, ¶ 14. Accord *State v. Boyd*, 5th Dist. Richland No. 12CA23, 2013-Ohio-1333, ¶ 26. ("Trial strategy and even debatable trial tactics do not establish ineffective assistance of counsel," quoting *State v. Conway*, 109 Ohio St.3d 412, 2006–Ohio–2815, ¶ 101) and *State v. McCall*, 5th Dist.

Coshocton No. 2017CA0002, 2017-Ohio-7860, ¶ 43 ("Tactical or strategic trial decisions, including timing of a motion, do not generally constitute ineffective assistance")

{¶14} We hold that trial counsel did not violate an essential duty to Davis by not filing a motion to waive costs at the sentencing hearing and that, therefore, he did not receive ineffective assistance of counsel in this case.

{¶15} Even if we had concluded that trial counsel's failure to file a motion to waive costs was a violation of his duty to Davis, our application of the second branch of the *Bradley* analysis would lead us to the same conclusion because the record lacks evidence of a reasonable probability of a different outcome.

## REASONABLE PROBABILITY

{¶16} Davis relies on the trial court's findings that he was indigent for appointment of trial and appellant counsel to support his argument that there was a reasonable probability that the trial court would have waived costs. That argument was rejected in *Davis* II*, supra.*

{¶17} The trial court did find appellant indigent and appoint counsel for the trial and appellate components of this case. However, the holding of *Davis, supra* has made it clear that "[a] determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so" and, instead we must determine "whether the facts and circumstances presented by the defendant establish that there is a reasonable probability that the trial court would have granted the request to waive costs had one been made." *Id.*at ¶ 15-16.

{¶18} Davis has not presented any further facts or circumstances to support a finding that there was a reasonable probability that trial court would have granted the request to waive costs. We have reviewed the record before us and found nothing that would support the conclusion that there was a reasonable probability that the outcome would have changed had a motion been filed. We considered, as part of this analysis, whether the trial court's denial of such a motion would have been an abuse of discretion and find nothing within the facts and circumstances of this case that would lead us to find that a failure to grant the motion would constitute such an abuse. For those reasons, we are compelled to conclude that Davis has failed to demonstrate a reasonable probability that the outcome would have changed and that, therefore, he did not suffer prejudice as a result of counsel not filing a motion to waive costs. *State v. Dean,* 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 233.

**{¶19}** We have applied the analysis in *Bradley* as mandated by the remand order of the Supreme Court of Ohio and determined that Davis did not receive ineffective assistance of counsel.  His counsel did not violate an essential duty and Davis suffered no prejudicial affect as a result of the omission.  The decision of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Delaney, P.J. and

John Wise, J. concur.