**[Cite as *State v. Holt*, 2020-Ohio-6650.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                            Court of Appeals No. L-19-1101

      Appellee                                                      Trial Court No. CR0201802204

v.

 Matthew Holt                                                    **DECISION AND JUDGMENT**

      Appellant                                                     Decided:  December 11, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Emil G. Gravelle III, for appellant.

* * * * *

**MAYLE, J.**

### Introduction

{¶ 1} The defendant-appellant, Matthew Holt, was convicted of attempted felonious assault and vandalism, sentenced to serve 24 months in prison, and ordered to pay all costs by the Lucas County Court of Common Pleas.  On appeal, Holt argues that his trial counsel was ineffective for failing to request that the trial court waive his court costs.  For the reasons set forth below, we affirm the trial court's judgment.

**Facts and Procedural History**

{¶ 2} On June 4, 2018, Holt went on a crime spree that began when he rammed his truck into a vehicle being driven by a teenaged driver, whom Holt did not know. The driver fled in his car, but Holt pursued him and hit the vehicle a second time before the driver was able to get away. A short time later, Holt did the same thing to a stationary vehicle, parked in the driveway of the home owned by his sister and brother-in-law. The force of the impact caused his brother-in-law's vehicle to collide into the home's garage door, causing damage to both vehicle and garage. The police responded to the incident and found the brother-in-law "holding down" Holt. Holt had reportedly threatened him and "smelled strongly of intoxicants."

{¶ 3} Holt was indicted on five criminal counts: felonious assault, breaking and entering, vandalism, aggravated menacing, and criminal damaging or endangering. Following an indigency hearing, Holt was appointed counsel.

{¶ 4} At a change-of-plea hearing, Holt pled guilty to an amended charge of attempted felonious assault, in violation of R.C. 2923.02 and 2903.11(A)(2) and (D), a felony of the third degree (Count 1) and vandalism, in violation of R.C. 2909.05(A) and (E), a felony of the fifth degree (Count 3). The state dismissed Counts 2, 4, and 5. The trial court sentenced Holt to serve 24 months as to Count 1 and 11 months as to Count 3, with the sentences to be served concurrently. The court ordered Holt to pay all costs, including the costs of prosecution under R.C. 2947.23 and to pay restitution to both vehicle owners. Holt appealed and asserts a single assignment of error for our review:

2.

1. The acts and omissions of trial counsel deprived Appellant of his right to effective assistance of counsel in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10 and Section 16 of the Ohio Constitution.

### Law and Analysis

{¶ 5} Holt alleges that his trial attorney rendered ineffective assistance of counsel because he failed to move for the waiver of his court costs (which were limited to the costs of prosecution) at sentencing.

{¶ 6} Costs of prosecution are those costs that are "directly related to the court proceedings and identified by a specific statutory authorization." *State v. Christy*, 3d Dist. Wyandot No. 16-04-04, 2004-Ohio-6963, ¶ 22. R.C. 2947.23(A)(1)(a) provides that, "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." The statute "requires a trial court to impose the costs of prosecution against all convicted defendants." *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 13. However, the statute also "allows a trial court to waive the costs of prosecution at any time after sentencing." *Id.* at ¶ 4, citing R.C. 2947.23(C) ("The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter.").

{¶ 7} "[W]hen an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court

3.

must apply the test in *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989), which adopted the standard that had been announced in [*Strickland v. Washington,* 446 U.S. 668, 194 S.Ct. 2052, 80 L.E.2d 674 (1984)]." *Davis* at ¶ 1. To prevail on such a claim, "a defendant must prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance." *Davis* at ¶ 10, citing *Bradley* at 141-142 and *Strickland* at 687. "Thus, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Id.* A reasonable probability is a "probability sufficient to undermine confidence in the outcome.'" *Id.*

{¶ 8} Holt argues that trial counsel's performance was deficient because he failed in his "duty" to move for a waiver of court costs at sentencing. We disagree. Because defendants have "flexibility" under R.C. 2947.23(C) as to when to request a waiver, the decision not to request a waiver at sentencing and instead to postpone it until later has been found to be a matter of trial strategy. *State v. Eblin*, 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, ¶ 16, citing *State v. Pultz,* 6th Dist. Wood No. WD-14-083, 2016-Ohio-329, ¶ 61 ("[T]he decision of when to file the motion to waive the payment of costs can be a matter of trial strategy."); *see also State v. Moore*, 6th Dist. Erie No. E-19-009, 2019-Ohio-4609, ¶ 14 ("[T]he timing of a motion, seeking waiver of payment, is a matter of trial strategy."); *State v. Davis*, 5th Dist. Licking No. 2017CA00055, 2020-Ohio-1353, ¶ 13-14 (Finding, on remand, that "trial counsel did not

4.

violate an essential duty to [the defendant] by not filing a motion to waive costs at the sentencing hearing.").

{¶ 9} Given that Holt's claim of deficient performance is based entirely upon counsel's failure to seek a waiver at sentencing, we cannot find that Holt has overcome the presumption that trial counsel's inaction was anything other than trial strategy. Indeed, a review of the sentencing transcript reveals that counsel's priority was persuading the court that Holt "would make an excellent candidate" for probation. To that end, counsel stressed that, before this case, Holt had "never been a problem to society," and since committing the offenses, he had "not had any contact with * * * the legal system." Trial counsel also stressed that, while Holt suffered from past alcohol abuse and psychological problems, he had quit drinking and was "taking care of" his emotional health. In other words, trial counsel may have determined that Holt's interests would be best served by convincing the court to impose a less severe sentence, rather than prioritizing a waiver of court costs. "Trial strategy and even debatable trial tactics do not establish ineffective assistance of counsel." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101. Under the facts of this case, we find that trial counsel did not violate an essential duty to Holt by not filing a motion to waive costs at the sentencing hearing. In the absence of any evidence of deficient performance by trial counsel, Holt cannot show ineffective assistance under the first branch of the *Bradley* test.

5.

{¶ 10} Moreover, we also find that Holt has failed to establish prejudice. In *State v. Davis*, the Ohio Supreme Court recently addressed the prejudice branch of an ineffective assistance claim that, like here, was predicated on trial counsel's failure to move for a waiver of court costs at sentencing. It found that the prejudice "analysis remains the same" as in other ineffective assistance claims. *Id.* at ¶ 14. That is, "a court must review the facts and circumstances of each case objectively and determine whether the defendant demonstrated a reasonable probability that had his counsel moved to waive court costs, the trial court would have granted the motion." *Id.* at ¶ 14. The court in *Davis* specifically found that an appellate court errs when it "rel[ies] on the fact that a defendant may move for a waiver of costs at a later time under R.C. 2947.23(C) in its prejudice analysis" because whether or not a defendant may do so "has little or no bearing on whether the trial court would have granted the motion to waive court costs at the time of sentencing." *Id.* at ¶ 14.

{¶ 11} We have reviewed the "facts and circumstances" cited by Holt to support his argument that there was a reasonable probability that the trial would have waived court costs, had a motion been made. For example, Holt cites his mental health issues and alcoholism as "other factors" that would have made the granting of a motion more probable, but he then states, incorrectly, that "none of these issues were brought up by [his] trial counsel." As discussed in the preceding section, counsel did raise these issues, albeit in the context of his sentence, not costs.

6.

{¶ 12} Holt also argues—without any specific details—that his "education" and "current employment status" demonstrate that his costs should have been waived. But, the trial court specifically found that Holt was "employable" based upon its review of the presentence investigation report—which indicated that Holt had no significant criminal record, had attended high school through the twelfth grade, and had some vocational training. Based on this record, we cannot say that Holt's education and employment status would have made a motion more likely than not to have been granted.

{¶ 13} Finally, Holt argues that his costs should have been waived because he was found to be indigent for purposes of being appointed trial counsel. But, "a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so." *Davis* at ¶ 15, citing *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 233; *State v. Smith*, 12th Dist. Warren No. CA2010-06-057, 2011-Ohio-1188, ¶ 63-64, *rev'd in part on other grounds*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423 (An indigent defendant fails to show that there is a reasonable probability that the trial court would have waived costs when the trial court made a finding that the defendant had the ability to work and therefore had the ability to pay the costs in the future).

{¶ 14} For all these reasons, we conclude that Holt has failed to establish that there is a reasonable probability that the trial court would have waived the imposition of court costs if Holt's trial counsel had asked the trial court to waive those costs at

7.

sentencing.  We therefore conclude that Holt did not suffer prejudice as a result of counsel not filing a motion to wave costs.  *Dean* at ¶ 233.

### Conclusion

{¶ 15} We have reviewed the record in this matter and applied the analysis required by *Bradley, supra*, and we conclude that Holt has not demonstrated that he received ineffective assistance of counsel under either branch of the analysis required by that case. Therefore, we find that Holt failed to establish ineffective assistance of counsel for trial counsel's failure to move for a waiver of costs.  Accordingly, his assignment of error is not well-taken.

{¶ 16} The April 25, 2019 judgment of the Lucas County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, the costs of this appeal are charged to Holt.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

Thomas J. Osowik, J. _____

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.