[Cite as *State v. Wright*, 2021-Ohio-3063.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No.  E-20-013

    Appellee                              Trial Court No.  2018-CR-538

v.

Anthony W. Wright                          **DECISION AND JUDGMENT**

    Appellant                              Decided:  September 3, 2021

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

John M. Felter, for appellant.

* * * * *

**OSOWIK, J.**

## I.   Introduction

{¶ 1} Appellant, Anthony Wright, appeals the judgment of the Erie County Court

of Common Pleas, sentencing him to 51 months in prison after he pled guilty to one

count of aggravated assault with a firearm specification. Finding no error in the proceedings below, we affirm.

## A.    Facts and Procedural Background

{¶ 2} On November 13, 2018, appellant was indicted on one count of attempted murder in violation of R.C. 2923.02(A) and (D), a felony of the first degree, one count of felonious assault in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree, one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D)(1)(a), a felony of the second degree, and one count of tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree. Firearm specifications were also attached to each of the foregoing counts pursuant to R.C. 2941.145(A). These charges stemmed from a shooting that occurred in Sandusky, Ohio, on September 29, 2018.

{¶ 3} On November 27, 2018, appellant appeared before the trial court for arraignment, at which time he entered a plea of not guilty to the aforementioned charges. Thereafter, the matter proceeded through pretrial discovery and motion practice. On June 26, 2019, a jury trial commenced. At the conclusion of the trial, the jury was unable to reach a verdict. Therefore, the jury was discharged and the matter was continued for further discovery.

{¶ 4} Following plea negotiations, appellant appeared before the trial court on January 7, 2020. At the plea hearing held that day, appellant entered a plea of guilty to

2.

an amended charge of aggravated assault in violation of R.C. 2903.12(A)(1), a felony of the fourth degree, with an attendant firearm specification. The trial court conducted a Crim.R. 11 colloquy, accepted appellant's guilty plea, and found appellant guilty of the amended charge of aggravated assault. Pursuant to the plea agreement, the state dismissed the remaining charges contained in the indictment. Thereafter, the trial court continued the matter for a sentencing hearing at a later date. No presentence investigation report was ordered or prepared.

{¶ 5} On January 9, 2020, appellant returned to the trial court for sentencing. At the outset of the hearing, the trial court noted that the terms of the plea agreement included a recommended prison sentence of 15 months for the aggravated assault charge, plus a mandatory and consecutive sentence of 36 months for the firearm specification, for a total prison sentence of 51 months. The trial court then heard a statement from the victim, and the matter proceeded to mitigation. Four individuals spoke on behalf of appellant, including his defense counsel, sister, stepdaughter, and friend. During statements made in mitigation, appellant's defense counsel explained, in pertinent part, that appellant "had no prior record prior to this incident. He has served in the military, in the Coast Guard, retired from there, and served our country honorably."

{¶ 6} After appellant spoke on his own behalf, the trial court proceeded to impose the 51-month sentence recommended by the state. The trial court also ordered appellant

3.

to pay court costs. Appellant's defense counsel did not object to, or seek a waiver of, such costs.

{¶ 7} Three months later, on April 17, 2020, appellant filed a pro se "motion to pay off court costs and fines," in which he sought to satisfy his court cost obligation by performing community service. The state opposed appellant's motion on the basis that it was premature at this juncture and appellant had not demonstrated that he could not pay the court costs. Ultimately, the trial court denied the motion on April 22, 2020.

{¶ 8} Four months later, on August 20, 2020, appellant filed a notice of appeal along with a motion for delayed appeal. We granted appellant's motion for delayed appeal on September 29, 2020.

### B. Assignments of Error

{¶ 9} On appeal, appellant assigns the following errors for our review:

1. Appellant was denied effective assistance of counsel at sentencing due to counsel's failure to move the court to waive court costs.

### II. Analysis

{¶ 10} In appellant's sole assignment of error, he argues that he was deprived of the effective assistance of counsel at sentencing based upon counsel's failure to seek a waiver of court costs.

{¶ 11} To demonstrate ineffective assistance of counsel, appellant must first show that trial counsel's representation "fell below an objective standard of reasonableness."

4.

*Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because "effective assistance" may involve different approaches or strategies, our scrutiny of trial counsel's performance "must be highly deferential" with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 689. Should appellant demonstrate her trial counsel's performance was defective, appellant must also demonstrate that prejudice resulted. *Bradley* at paragraph two of the syllabus.

{¶ 12} In this case, the trial court imposed generic "court costs," both at sentencing and in its sentencing entry. The court did not specify whether such costs included any costs other than the costs of prosecution. Under similar circumstances, we have held, "if a trial court wishes to impose the separate costs of confinement and appointed counsel, it must explicitly do so." *State v. Middlebrooks*, 6th Dist. Sandusky No. S-18-032, 2019-Ohio-2149, ¶ 33 (finding that the trial court's use of "court costs" means only the costs of prosecution required by R.C. 2947.23). Because the trial court did not specify what costs were included in "court costs," we interpret the court's order as imposing only the costs of prosecution.

{¶ 13} Costs of prosecution are those costs that are "directly related to the court proceedings and identified by a specific statutory authorization." *State v. Christy*, 3d Dist. Wyandot No. 16-04-04, 2004-Ohio-6963, ¶ 22. R.C. 2947.23(A)(1)(a) provides

5.

that, "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." The statute "requires a trial court to impose the costs of prosecution against all convicted defendants." *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 13. However, the statute also "allows a trial court to waive the costs of prosecution at any time after sentencing." *Id*. at ¶ 4, citing R.C. 2947.23(C) ("The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter.").

{¶ 14} "[W]hen an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must apply the test in [*Bradley*, *supra*,], which adopted the standard that had been announced in [*Strickland*, *supra*]." *Id.* at ¶ 1. In evaluating the prejudice prong of the *Strickland* ineffective assistance standard, the court of appeals "must look at all the circumstances that the defendant sets forth in attempting to demonstrate prejudice and determine whether there is a reasonable probability that the trial court would have granted a motion to waive costs had one been made." *Id*. at ¶ 15.

{¶ 15} Here, appellant argues that trial counsel's failure to move for a waiver of court costs at sentencing constituted ineffective assistance. While he articulates the appropriate two-part framework for evaluating a claim of ineffective assistance of counsel under *Strickland*, appellant's argument is limited to the prejudice prong of the

6.

test. Appellant does not make the threshold showing that his trial counsel's failure to move for a waiver of court costs fell below an objective standard of reasonableness to such an extent that the representation falls outside the "wide range of reasonable professional assistance." *Bradley* at 142.

{¶ 16} "Because defendants have 'flexibility' under R.C. 2947.23(C) as to when to request a waiver, the decision not to request a waiver at sentencing and instead to postpone it until later has been found to be a matter of trial strategy." *State v. Holt*, 6th Dist. Lucas No. L-19-1101, 2020-Ohio-6650, ¶ 8, citing *State v. Eblin*, 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, ¶ 16. "Trial strategy and even debatable trial tactics do not establish ineffective assistance of counsel." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101. Under the facts of this case, we find that trial counsel did not violate an essential duty to appellant by not filing a motion to waive costs at the sentencing hearing. As stated in our decision in *Holt*, "[i]n the absence of any evidence of deficient performance by trial counsel, [the appellant] cannot show ineffective assistance under the first branch of the *Bradley* test." *Id*. at ¶ 9.

{¶ 17} As to his prejudice argument, we find that appellant has not satisfied his burden of demonstrating that there is a reasonable probability that the trial court would have waived the court costs had trial counsel moved for such a waiver. In order to establish prejudice, appellant points to the fact that he has previously been declared

7.

indigent for purposes of receiving appointed counsel. On this basis alone, appellant declares that the trial court would have waived the costs of prosecution if asked to do so. In support of appellant's argument, he cites the Eighth District's decision in *State v. Gibson*, 8th Dist. Cuyahoga No. 104363, 2017-Ohio-102. There, the court held that trial counsel was ineffective for failing to seek a waiver of costs where the defendant had previously been declared indigent. *Id.* at ¶ 16. The court explained that the prior indigency determination demonstrated a reasonable probability that the trial court would have waived court costs had trial counsel made a timely motion. *Id.*

{¶ 18} Notably, the reasoning articulated by the court in *Gibson*, and relied upon by appellant in this case, was expressly rejected by the Ohio Supreme Court in *Davis*. There, the court explained that "a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so, contrary to the Eighth District's holding in *Gibson* * * *." *Davis* at ¶ 15. Thus, we find no merit to appellant's prejudice argument, which is based entirely upon his prior determination of indigency. Moreover, having reviewed the record, we cannot definitively state that the trial court would have waived court costs if asked to do so. While not well developed due to the lack of a presentence investigation report, the record nonetheless reveals that appellant is a retired military veteran who presumably receives some form of retirement remuneration. It is entirely conceivable that the trial court would have denied a request to waive court costs based

8.

upon such income.  Therefore, we do not find that appellant has demonstrated prejudice in this case.

{¶ 19} Based upon appellant's failure to articulate how his trial counsel's assistance fell below and objective standard of reasonableness or prejudiced him, we find no merit to appellant's assertion that he received ineffective assistance of trial counsel. Accordingly, appellant's sole assignment of error is not well-taken.

### III.    Conclusion

{¶ 20} In light of the foregoing, the judgment of the Erie County Court of Common Pleas is affirmed.  Costs of this appeal are assessed to appellant under App.R. 24.

                                                            Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                   _____
                                                            JUDGE
Christine E. Mayle, J.

Myron C. Duhart, J.                    _____
CONCUR.                                              JUDGE

                                                    _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

9.