[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *McIntyre v. Hooks*, Slip Opinion No. 2020-Ohio-3529.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3529

MCINTYRE *v*. HOOKS, WARDEN.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *McIntyre v. Hooks*, Slip Opinion No. 2020-Ohio-3529.]

*Habeas corpus—Sentencing errors are not jurisdictional and are not cognizable in habeas corpus—Writ denied.*

(No. 2019-0042—Submitted March 10, 2020—Decided July 2, 2020.)

IN HABEAS CORPUS.

_____

**Per Curiam.**

{¶ 1} Petitioner, Lewis Leroy McIntyre Jr., an inmate at the Ross Correctional Institution ("RCI"), filed a petition for a writ of habeas corpus. We ordered respondent, Mark Hooks, the warden at RCI, to file a return of writ. 155 Ohio St.3d 1403, 2019-Ohio-943, 119 N.E.3d 432. In response, Hooks filed a motion to dismiss. For the reasons that follow, we deny the motion to dismiss and also deny the petition for a writ of habeas corpus on the merits.

**The facts in the record**

{¶ 2} In August 1991, McIntyre was convicted of aggravated burglary in violation of former R.C. 2911.11(A)(2) and (A)(3), an aggravated felony of the first degree, Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 ("S.B. 2"), and felonious assault in violation of former R.C. 2903.11(A)(2), an aggravated felony of the second degree, S.B. 2. He was also convicted of a firearm specification on each count. He was sentenced to an aggregate prison term of 22 to 46 years. *State v. McIntyre*, Summit C.P. No. CR 91 01 0135 (Sept. 9, 1991).[1]

{¶ 3} In December 2007, McIntyre was granted parole and released. In July 2009, however, his parole was revoked after he was convicted of tampering with evidence, petty theft, tampering with records, and obstructing justice. He was sentenced to an aggregate prison term of four years. *State v. McIntyre*, Summit C.P. No. CR 09 03 0647 (July 22, 2009). The Ninth District Court of Appeals remanded that case so that the trial court could conduct an allied-offense analysis, and the trial court merged the tampering-with-records conviction with the tampering-with-evidence conviction. McIntyre was resentenced to an aggregate prison term of three years. The record does not indicate whether that sentence was ordered to be served consecutively or concurrently with his other prison term.

{¶ 4} In 2015, this court granted McIntyre a writ of mandamus because his 1991 sentencing order did not comply with Crim.R. 32(C) and the "one-document" rule that this court established in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17 (only one document may constitute a final, appealable order), and was therefore not a final, appealable order. *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, 45 N.E.3d 1003, ¶ 10 (plurality opinion). On February 3, 2016, the trial court issued

---

1. In 1992, McIntyre was convicted of aggravated assault under the same case number and sentenced to a prison term of 18 months. But because he was ordered to serve that sentence concurrently with the 1991 sentences, the 1992 conviction is not relevant to the present analysis.

a new sentencing entry for the 1991 and 1992 convictions ("the 2016 entry"), again imposing an aggregate 22-to-46-year prison sentence.

**The issue presented**

{¶ 5} In 1991, when McIntyre was convicted and sentenced for aggravated burglary and felonious assault, the maximum prison term for an aggravated felony of the first degree was 25 years and the maximum prison term for an aggravated felony of the second degree was 15 years. *See* former R.C.2929.11(B)(1) and (2), 143 Ohio Laws, Part I, 1433; S.B. 2. McIntyre received the maximum prison term on both counts. However, when the trial court issued the 2016 entry, 2011 Am.Sub.H.B. No. 86 ("H.B. 86") had been enacted, and it established different maximum penalties for these offenses. Specifically, the maximum penalty for a first-degree felony was 11 years, former R.C. 2929.14(A)(1), and the maximum penalty for a second-degree felony was 8 years, former R.C. 2929.14(A)(2).

{¶ 6} The issue this case presents is which law governs McIntyre's sentence—the sentencing statutes in effect in 1991 and 1992 or the sentencing statutes in effect in 2016. According to McIntyre, if he is subject to a maximum term of 46 years, then he will not complete his maximum sentence until 2037. On the other hand, if he is subject to a maximum term of 25 years, then, according to McIntyre, he "has served all of this time and more."

**Procedural history and the motion to dismiss**

{¶ 7} McIntyre filed a petition for a writ of habeas corpus in this court on January 11, 2019. After we ordered a return of writ, Hooks filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. When a custodian is ordered to file a return on a petition for a writ of habeas corpus, he must state in writing whether he has the prisoner in custody, R.C. 2725.14(A), and "the authority, and the true and whole cause, of such imprisonment and restraint, with a copy of the writ, warrant, or other process upon which the prisoner is detained," R.C. 2725.14(B). We may treat a motion to dismiss as a return of writ. *See Hammond v. Dallman*, 63 Ohio

St.3d 666, 667, 590 N.E.2d 744 (1992). And in habeas cases in which we treat a motion to dismiss as a return of writ, we decide the case on the merits rather than on the pleadings. *Id.*

{¶ 8} For this reason, we deny the motion to dismiss and proceed to consider the case on the merits.

### The merits of McIntyre's claims

{¶ 9} To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "A writ of habeas corpus is generally 'available only when the petitioner's maximum sentence has expired and he is being held unlawfully.' " *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, quoting *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). Habeas corpus is not available when there is an adequate remedy in the ordinary course of law. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8.

{¶ 10} R.C. 1.58(B) provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, *if not already imposed*, shall be imposed according to the statute as amended." (Emphasis added.) Thus, a person who is not sentenced until *after* the effective date of H.B. 86 must be sentenced under the lesser penalties from the amended statute, even if the crime was committed prior to the effective date. *State v. Thomas*, 148 Ohio St.3d 248, 2016-Ohio-5567, 70 N.E.3d 496, ¶ 17; *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 20. Accordingly, a person who received a penalty or punishment prior to the effective date of H.B. 86 is not eligible to receive an H.B. 86 lesser penalty or punishment. *See, e.g., State v. Clay*, 12th Dist. Madison No. CA2011-12-016, 2012-Ohio-5011, ¶ 16.

{¶ 11} McIntyre claims that no sentence was imposed upon him in 1991 or in 1992. According to McIntyre:

An invalid entry means an invalid sentence because a sentence cannot be officially imposed until the written entry, constituting the final appealable order disposing [of] the criminal case, is signed by the judge and filed with the clerk.

McIntyre therefore contends that he was not sentenced for his 1991 and 1992 convictions until the trial court issued the 2016 entry. And he argues that in 2016, the trial court should have sentenced him under the statutes that were in effect on that date.

{¶ 12} In short, McIntyre argues that there is a sentencing error in the 2016 entry. But " 'sentencing errors are not jurisdictional and are not cognizable in habeas corpus.' " *State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007-Ohio-2454, 866 N.E.2d 1084, ¶ 7, quoting *Majoros v. Collins*, 64 Ohio St.3d 442, 443, 596 N.E.2d 1038 (1992). In *Wills v. Turner*, 150 Ohio St.3d 379, 2017-Ohio-6874, 81 N.E.3d 1252, ¶ 6, we affirmed the dismissal of a habeas corpus petition that claimed that the trial court had erroneously sentenced the defendant under the law applicable at the time of his indictment, rather than the law in effect at the time of his guilty plea. As in *Wills*, McIntyre's allegations do not challenge the jurisdiction of the trial court and are therefore not cognizable in habeas corpus.

## Conclusion

{¶ 13} Based on the foregoing, we deny Hooks's motion to dismiss and McIntyre's request for a writ of habeas corpus.

Writ denied.

FRENCH, FISCHER, DEWINE, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

DONNELLY, J., dissents, with an opinion.

O'CONNOR, C.J., not participating.

_____

**DONNELLY, J., dissenting.**

{¶ 14} Petitioner, Lewis Leroy McIntyre Jr., was convicted in 1991 of felonious assault, a violation of former R.C. 2903.11(A)(2), Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 ("S.B. 2"), a felony of the second degree, and aggravated burglary, a violation of former R.C. 2911.11(A)(2) and (A)(3), S.B. 2, a felony of the first degree. He was also convicted of a firearm specification on each count. The jury was unable to reach a verdict on an additional felonious-assault charge that had been amended before trial. On September 9, 1991, the trial court filed a sentencing entry that ostensibly sentenced McIntyre to a term of 8 to 15 years for felonious assault and 8 to 25 years for aggravated burglary, plus 3-year prison terms for each of the firearm specifications. The trial court ordered the terms to be served consecutively, for an aggregate prison sentence of 22 to 46 years. The sentencing entry did not, however, address the amended felonious-assault charge on which the jury failed to reach a verdict.

{¶ 15} On May 22, 1992, McIntyre pleaded guilty to aggravated assault under the same case number and was sentenced to a concurrent 18-month prison term. But that entry likewise failed to address the amended felonious-assault charge on which the jury had failed to reach a verdict.

{¶ 16} On June 27, 2012, the prosecuting attorney filed a memorandum giving notice that the state was not going to retry McIntyre on the amended felonious-assault charge from 1991. On June 28, 2012, the trial court dismissed the felonious-assault charge, although the order apparently dismissed the charge as indicted and not as amended.

{¶ 17} In *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, 45 N.E.3d 1003, we issued a peremptory

writ of mandamus directing the trial court to issue a final, appealable order that properly disposed of all the charges against McIntyre. *Id*. at ¶ 11.

{¶ 18} On February 3, 2016, in the apparent absence of the parties, the trial court issued what I assume for purposes of this discussion was a final, appealable order. Based on the sentencing laws in 1991, the trial court again sentenced McIntyre to a term of 8 to 15 years for the felonious-assault conviction, 8 to 25 years for the aggravated-burglary conviction, and 3-year terms for the firearms specifications. McIntyre's aggregate prison term remained 22 to 46 years.[2]

{¶ 19} According to our decision in *State v. Craig*, __ Ohio St.3d __, 2020-Ohio-455, __ N.E.3d __, ¶ 21, "a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial." The failure to resolve the hanging charge is not a mere clerical error but rather is a fundamental failure to fully determine the action that will generally prevent the defendant from appealing until that charge is resolved. *Id*. at ¶ 17.[3]

{¶ 20} In short, McIntyre was ostensibly ordered on September 9, 1991, to serve an aggregate prison sentence of 22 to 46 years and was presumably delivered into the custody of the designated state correctional institution at that time pursuant to R.C. 2949.12. But McIntyre did not have a final, appealable order to contest his convictions and sentence until February 3, 2016, over 24 years later.

{¶ 21} In my view, ordering an offender to serve over 24 years in prison before he obtains the legal right to appeal his conviction and sentence is not a mere sentencing error. To the contrary, it would at least seem to raise very serious

---

2. The Ninth District Court of Appeals affirmed the trial court's judgment in a two-to-one decision. *State v. McIntyre*, 9th Dist. Summit No. 28125, 2018-Ohio-2001. This court declined to accept jurisdiction in McIntyre's discretionary appeal. *State v. McIntyre*, 157 Ohio St.3d 1484, 2019-Ohio-4600, 134 N.E.3d 203.

3. In *Craig*, however, the trial court's subsequent finding that Craig was incompetent to stand trial on the pending charge operated as a de facto severance of that count. *Id*. at ¶ 2.

questions of due process and equal protection. *See Craig* at ¶ 41 (Kennedy, J., concurring in judgment only).

{¶ 22} This case is not like *Wills v. Turner*, 150 Ohio St.3d 379, 2017-Ohio-6874, 81 N.E.3d 1252, in which the petitioner objected to having been sentenced under the law in effect at the time of his 1988 indictment rather than under the law in effect at the time of his 2004 guilty plea. *Id*. at ¶ 5. McIntyre served over 24 years in prison before his judgment was subject to lawful appellate review. The inchoate nature of McIntyre's criminal-case proceedings distinguishes the allegations in his petition for a writ of habeas corpus from some mere pedestrian challenge to a prison sentence.

{¶ 23} Moreover, the inordinate delay in rendering a final, appealable order in this case has an additional consequence. As I have noted, the prosecuting attorney gave notice on June 27, 2012, that the state was not going to retry McIntyre on the felonious-assault charge. The trial court signed an entry on June 28, 2012, dismissing that charge and a final, appealable order was not journalized until February 3, 2016.

{¶ 24} By the time any of those events occurred, however, the General Assembly enacted substantial changes to Ohio's felony-sentencing scheme by means of Am.Sub.H.B. No. 86 ("H.B. 86"), effective September 30, 2011. Under H.B. 86, the maximum sentence for a second-degree felony was 8 years. *See* former R.C. 2929.14(A)(2). The maximum sentence for a first-degree felony was 11 years. *See* former R.C. 2929.14(A)(1). H.B. 86 did not affect McIntyre's prison terms for the firearm specifications. So, if McIntyre had been sentenced under H.B. 86, his maximum sentence would have been 25 years and he would have been released, at the latest, in 2018 (25 years from the time of his 1991 conviction, plus 2 years to reflect the time he had been out on parole).

{¶ 25} The unresolved felonious-assault charge prevented the trial court's September 9, 1991 sentencing entry from being a final, appealable judgment. *See*

*Craig*, __ Ohio St.3d __, 2020-Ohio-455, __ N.E.3d __, at ¶ 21. McIntyre did not have a final, appealable judgment until February 3, 2016, well after the effective date of H.B. 86.

{¶ 26} R.C. 1.58(B) states: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." Here, because no de jure punishment had been "already imposed," McIntyre qualified to be sentenced under H.B. 86. Indeed, had the prosecuting attorney elected to retry McIntyre in 2012, and had the prosecuting attorney been successful in that prosecution, McIntyre's sentence clearly would have been governed by H.B. 86, even though his offenses had been committed at a time when Ohio law authorized the imposition of indefinite prison sentences. *See State v. Thomas*, 148 Ohio St.3d 248, 2016-Ohio-5567, 70 N.E.3d 496, ¶ 18 (Thomas, who was convicted in 2014 for crimes that he had committed in 1993, was entitled to be sentenced under H.B. 86).

{¶ 27} Through no fault of McIntyre, his 1991 case was not finally resolved until 2016. Consequently, McIntyre should have been present on February 3, 2016, and sentenced in accordance with H.B. 86. And under H.B. 86, McIntyre's sentence would have expired in 2018. Yet McIntyre still remains in state custody. A writ of habeas corpus is the appropriate remedy when a petitioner's maximum sentence has expired and he is being held unlawfully. *See Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8.

{¶ 28} Because I believe that McIntyre is being held in state custody beyond the expiration of his maximum sentence, I would deny the motion to dismiss filed by respondent Mark Hooks and would grant McIntyre a petition for a writ of habeas corpus. I dissent.

---

Stephen P. Hanudel, for petitioner.

Dave Yost, Ohio Attorney General, and Maura O'Neill Jaite, Senior Assistant Attorney General, for respondent.

————————————