NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1105

THE STATE EX REL. BRADFORD, APPELLANT, *v.* BOWEN, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bradford v. Bowen*, Slip Opinion No. 2023-Ohio-1105.]**

*Habeas corpus—Court of appeals properly considered certified copy of habeas petitioner's birth certificate and did not err in concluding that birth certificate was the most probative evidence of petitioner's age—Habeas petitioner has not shown that adult court lacked jurisdiction over his criminal case—Court of appeals' judgment affirmed.*

(No. 2022-0545—Submitted January 10, 2023—Decided April 5, 2023.)

APPEAL from the Court of Appeals for Mahoning County, No. 20 MA 0025.

_____

**Per Curiam.**

{¶ 1} In *State ex rel. Bradford v. Bowen*, 167 Ohio St.3d 477, 2022-Ohio-351, 194 N.E.3d 345, ¶ 16, we reversed the Seventh District Court of Appeals' judgment dismissing a petition for a writ of habeas corpus filed by appellant, Pele K.

Bradford. We remanded the cause to the court of appeals, ordering it "to allow the writ, to require [appellee, Warden Richard A. Bowen Jr.,] to make a return, and to determine whether Bradford was under 18 years old on January 2, 2004." *Id.* On remand, the court of appeals "allow[ed] the writ" but directed the warden "to [only] file and supplement the record with a certified copy of Bradford's birth certificate." After the warden submitted a certified copy of Bradford's birth certificate, the court of appeals denied the writ. Bradford appeals to this court as of right.

{¶ 2} Although the court of appeals did not precisely follow our mandate in *Bradford* and the warden did not file a return of writ, precedent allowed the court of appeals to treat the newly filed birth certificate, together with the warden's previously filed dispositive motion, as a return. Because the evidence shows that Bradford was over 18 years old on January 2, 2004, we affirm the court of appeals' judgment.

**Background**

{¶ 3} We set forth the relevant facts and procedural history of this case in *Bradford*:

In 2004, a jury found Bradford guilty of aggravated murder, having a weapon while under a disability, and two firearm specifications for an incident that occurred on January 2, 2004. The firearm specifications were merged for sentencing. Bradford was sentenced to life in prison with parole eligibility after 20 years for aggravated murder, one year in prison for having a weapon while under a disability, and three years in prison for the firearm specification. The prison terms were ordered to be served consecutively. In 2007, he was convicted of escape, for which he received an additional two-year prison sentence.

In February 2020, Bradford filed a petition for a writ of habeas corpus in the court of appeals alleging that his 2004 convictions are

void because he was 17 years old at the time of the offenses and was not bound over from a juvenile court. He relies on a form 1099-C he received in 2011 from the United States Department of Education reporting the cancellation of debt on a student loan and a notice he received from the Internal Revenue Service ("IRS") in 2017, both of which list his date of birth as November 25, 1986. He also purports to rely on a "Christian Baptismal Certificate" that allegedly lists the same birthdate, but he did not file a baptismal certificate with his petition.

The warden filed a "motion to dismiss or, in the alternative, motion for summary judgment," arguing, among other things, that Bradford had not offered "the best evidence to support his factual assertion of his birthdate." The warden attached to his motion a copy of a birth certificate that lists Bradford's birthdate as November 25, 1978. In his motion, the warden stated that he had "obtained a birth certificate from Bradford's file" and that he was "submit[ting] an authenticated copy thereof that establishes Bradford's birth date several years prior to the birthdate Bradford is claiming in his petition." The document the warden filed with his motion does not contain the original signature of the local registrar who certified the document, nor does it include a seal. The warden did not authenticate the document by affidavit; he simply attached it to his motion.

*Id.* at ¶ 2-4.

{¶ 4} We reversed the court of appeals' decision granting summary judgment in the warden's favor, because the court of appeals had improperly considered the copy of the birth certificate attached to the warden's motion for summary judgment in violation of Civ.R. 56(C). *Bradford*, 167 Ohio St.3d 477, 2022-Ohio-351, 194

N.E.3d 345, at ¶ 10-11, 16. We remanded the cause to the court of appeals, ordering it "to allow the writ, to require the warden to make a return, and to determine whether Bradford was under 18 years old on January 2, 2004." *Id.* at ¶ 16.

{¶ 5} Under R.C. 2725.14(B), a person making a return of writ, among other things, "shall set forth, at large, the authority, and the true and whole cause, of such imprisonment and restraint, with a copy of the writ, warrant, or other process upon which the prisoner is detained." R.C. 2725.15 provides that "[t]he return or statement referred to in [R.C. 2725.14] shall be signed by the person who makes it, and shall be sworn to by him, unless he is a sworn public officer and makes the return in his official capacity."

{¶ 6} On remand from our decision in *Bradford*, the court of appeals ordered the following:

> IT IS ORDERED by the Court that the writ is allowed. Allowing the writ means only that a return is ordered. *Watkins v. Collins*, 110 Ohio St.3d 1477, 2006-Ohio-4578, 853 N.E.2d 672. And, in this instance, the return is limited only to a determination of whether Bradford was under 18 years old on January 2, 2004. [*Bradford* at ¶ 16.] More precisely, the warden is directed to file and supplement the record with a certified copy of Bradford's birth certificate—one which bears an appropriate certification, including an original signature and a seal. *Id.*
>
> IT IS FURTHER ORDERED that the warden shall file a return of writ within 14 days of service of the petition, and Bradford may file a response within 14 days after the return is filed. The warden shall provide a copy of the return to Bradford on the same date that the return is filed. Bradford's physical presence before the

court is not required. *Reed v. Kinkela*, 84 Ohio St.3d 1427, 702 N.E.2d 903 (1998).

(Capitalization sic.)

{¶ 7} On March 28, 2022, the warden filed in the court of appeals a document labeled as a "return of writ," in which he stated that he had served a subpoena duces tecum on the Ohio Department of Health ("ODH") in seeking a certified copy of Bradford's birth certificate. The warden did not include with that filing any documents showing why Bradford was incarcerated, and the filing was signed by the warden's counsel but not by the warden himself. Bradford filed a response to the warden's filing, along with motions to strike the filing for failure to comply with R.C. 2725.14(B) and 2725.15 and a motion to quash the warden's subpoena for failure to comply with the filing and service requirements of Civ.R. 45(A)(3) and (B). The warden then filed a certified copy of Bradford's birth certificate, which shows that Bradford's birthdate is November 25, 1978.

{¶ 8} In denying the writ, the court of appeals found that "[t]he warden ha[d] filed a return of the writ along with a certified copy of Bradford's birth certificate" and concluded that the certified copy of the birth certificate "is a self-authenticated public record under Evid.R. 902(4)" that is "more reliable and credible evidence of [Bradford's] date of birth" than the documents attached to his petition. 7th Dist. Mahoning No. 20 MA 0025, at 3 (Apr. 27, 2022). The court also denied Bradford's motions. *Id.* at 4.

{¶ 9} Bradford appeals to this court as of right.

### Analysis

{¶ 10} Bradford argues that the court of appeals "improperly consider[ed] the warden's return of writ" and that the warden's March 28, 2022 filing should have been stricken because the warden did not provide copies of any documents justifying Bradford's incarceration, *see* R.C. 2725.14(B), or sign and swear to the

statements in the filing, *see* R.C. 2725.15.  The warden, for his part, does not argue that his March 28 filing complied with R.C. 2725.14(B) and 2725.15.  He simply argues that the court of appeals properly considered the certified copy of Bradford's birth certificate and that the birth certificate is more reliable and credible evidence of Bradford's birthdate than the documents Bradford submitted.

{¶ 11} Bradford is correct that the warden's March 28 filing did not include the statutorily required contents of a return of writ.  But in *Bradford*, we recognized that under certain circumstances, a court may "treat[] a dispositive motion as a return and weigh[] the evidence."  167 Ohio St.3d 477, 2022-Ohio-351, 194 N.E.3d 345, at ¶ 15; *see also McIntyre v. Hooks*, 162 Ohio St.3d 213, 2020-Ohio-3529, 165 N.E.3d 229, ¶ 7; *Hammond v. Dallman*, 63 Ohio St.3d 666, 667, 590 N.E.2d 744 (1992).  That is what happened here.  The warden had already filed a dispositive motion, and on remand from this court's decision in *Bradford*, the court of appeals directed the warden to "supplement the record with a certified copy of Bradford's birth certificate."

{¶ 12} In *Bradford*, we determined that the court of appeals had erred by considering a document that had not been submitted in compliance with Civ.R. 56(C).  *Bradford* at ¶ 11.  That limitation did not apply to the court of appeals' decision on remand, however, because the court of appeals did not purport to grant summary judgment.  On remand, the court of appeals denied the writ after weighing the evidence.  *See id*. at ¶ 15 ("On remand, after the warden makes a return, the court of appeals must weigh the parties' evidence").  Therefore, it was proper for the court of appeals to weigh the evidence after treating the warden's dispositive motion and supplemental filing as a return.

{¶ 13} Bradford suggests that the court of appeals should not have considered the certified copy of the birth certificate, because the warden allegedly did not serve the subpoena for the certificate on Bradford as required under Civ.R. 45(A)(3) and did not file a return of the subpoena as required under Civ.R. 45(B).

But these arguments relate to the court of appeals' denial of Bradford's motion to quash the subpoena, which was rendered moot when ODH complied with the subpoena. *See Tadross v. Ikladious*, 8th Dist. Cuyahoga No. 102531, 2015-Ohio-3147, ¶ 8. Bradford has not shown that the warden's alleged noncompliance with Civ.R. 45 precluded the court of appeals from considering the warden's evidence.

{¶ 14} The court of appeals properly considered the certified copy of Bradford's birth certificate and did not err in concluding that the birth certificate is the most probative evidence of Bradford's age. Because that evidence shows that Bradford was 25 years old on January 2, 2004, Bradford has not shown that the adult court lacked jurisdiction over his criminal case. Accordingly, the court of appeals correctly denied Bradford's petition for a writ of habeas corpus.

### Conclusion

{¶ 15} Because the court of appeals properly weighed the evidence after treating the warden's filing as a return of writ, we affirm the court of appeals' judgment.

Judgment affirmed.

DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

KENNEDY, C.J., dissents, with an opinion joined by FISCHER, J.

_____

**KENNEDY, C.J., dissenting.**

{¶ 16} Because the Seventh District Court of Appeals failed to comply with our mandate directing it to order a return of the writ in this habeas case, I would reverse its judgment denying the writ. The majority does not. I therefore dissent.

{¶ 17} We previously addressed an appeal in this matter by appellant, Pele K. Bradford, in *State ex rel. Bradford v. Bowen*, 167 Ohio St.3d 477, 2022-Ohio-351, 194 N.E.3d 345 ("*Bradford I*"). Bradford had petitioned the Seventh District for a writ of habeas corpus, asserting that the trial court did not have jurisdiction to convict and sentence him because he was less than 18 years old at the time of the

offenses and there had been no bindover from a juvenile court. *Id.* at ¶ 8. The court of appeals dismissed Bradford's petition, relying on an unauthenticated copy of his birth certificate indicating that he was 18 years old at the time of the offenses. *Id.* at ¶ 1, 4-5. This court reversed the judgment of the court of appeals and remanded the matter to that court, ordering it "to allow the writ, to require [appellee, Warden Richard A. Bowen Jr.,] to make a return, and to determine whether Bradford was under 18 years old on January 2, 2004." *Id.* at ¶ 16. Importantly, this court determined that the motion to dismiss filed by Bowen could not be treated as a return of the writ. *Id.* at ¶ 15.

{¶ 18} On remand, the Seventh District "allow[ed] the writ," but rather than order a return of the writ, it instructed Bowen "to file and supplement the record with a certified copy of Bradford's birth certificate." The court of appeals then denied the writ after Bowen presented a certified copy of Bradford's birth certificate, which showed that Bradford was an adult at the time he committed the offenses. According to the court of appeals, this date-of-birth evidence meant that Bradford's claim that the trial court lacked jurisdiction to impose the sentences that he is serving was without merit.

{¶ 19} At issue in this appeal is whether the court of appeals complied with our mandate in *Bradford I*. We have explained that "[an inferior] court is without authority to extend or vary the mandate issued by a superior court." *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 16. "[A]bsent extraordinary circumstances, such as an intervening decision by this court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 5, 462 N.E.2d 410 (1984).

{¶ 20} Our mandate in *Bradford I*, 167 Ohio St.3d 477, 2022-Ohio-351, 194 N.E.3d 345, directed the court of appeals to order Bowen to file a return of the writ. However, the court of appeals did not do that. It therefore failed to comply with

our mandate, and reversal of its judgment is required "to preserve the structure of superior and inferior courts as designed by the Ohio Constitution," *Nolan* at 3.

**{¶ 21}** The majority treats Bowen's motion to dismiss as the functional equivalent of a return of the writ. That is error.

**{¶ 22}** R.C. 2725.14(B) mandates that a person making a return of the writ "shall set forth, at large, the authority, and the true and whole cause, of such imprisonment and restraint, with a copy of the writ, warrant, or other process upon which the prisoner is detained." R.C. 2725.15 requires a return of the writ to "be signed by the person who makes it [and] be sworn to by him, unless he is a sworn public officer and makes the return in his official capacity." As the majority acknowledges, "[t]he warden did not include with [his initial, postremand filing, which he labeled a 'return of writ'] any documents showing why Bradford was incarcerated, and the filing was signed by the warden's counsel but not by the warden himself." Majority opinion, ¶ 7. Bowen's motion to dismiss is not a return of the writ.

**{¶ 23}** The majority relies on our suggestion in *Bradford I* that a court may "treat[] a dispositive motion as a return and weigh[] the evidence," 167 Ohio St.3d 477, 2022-Ohio-351, 194 N.E.3d 345, at ¶ 15. The majority also cites two cases, *McIntyre v. Hooks*, 162 Ohio St.3d 213, 2020-Ohio-3529, 165 N.E.3d 229, and *Hammond v. Dallman*, 63 Ohio St.3d 666, 590 N.E.2d 744 (1992), in support of its position.

**{¶ 24}** The majority's reliance on our decision in *Bradford I* is puzzling. In that decision, we stated that we could not treat Bowen's motion to dismiss as a return of the writ, "because the warden's motion 'did not contain a sworn statement concerning [Bradford's] age at the time of the offenses or properly authenticated documents establishing such age.' " (Brackets added in *Bradford I*.) *Id.* at ¶ 15, quoting *State ex rel. Harris v. Anderson*, 76 Ohio St.3d 193, 196, 667 N.E.2d 1 (1996). And in *Bradford I*, we distinguished this court's decision in *Hammond* to

treat a dispositive motion as a return on the basis that the "dispositive motion [in *Hammond*] was 'supported by the proper authenticated documents.' " *Bradford I* at ¶ 15, quoting *Hammond* at 667. The dispositive motion filed by Bowen in this case was not similarly supported.

{¶ 25} It is unclear whether *McIntyre* actually supports the majority's position. In that case, this court, citing *Hammond*, did say that "[w]e may treat a motion to dismiss as a return of writ," *McIntyre* at ¶ 7. But this court in *McIntyre* did not describe the contents of the motion to dismiss at issue, so it is not possible to say that the motion to dismiss was the equivalent of a return of the writ.

{¶ 26} In any event, if this court could not treat Bowen's motion to dismiss as a return of the writ in *Bradford I*, then the court of appeals on remand from *Bradford I* likewise could not treat the same motion to dismiss as a return. "[W]here at a rehearing following remand [an inferior] court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." *Nolan*, 11 Ohio St.3d at 3, 462 N.E.2d 410. Nor should we disregard the law of the case established by our prior decision. "[T]he law of the case is applicable to subsequent proceedings in the reviewing court as well as the [inferior] court." *Id.* at 4.

{¶ 27} The Seventh District disregarded our mandate and failed to follow the law of the case. For these reasons, I would reverse the judgment of the court of appeals and remand this matter to that court with instructions for it to order a return of the writ. Because the majority does not, I dissent.

FISCHER, J., concurs in the foregoing opinion.

———————————

Pele K. Bradford, pro se.

Dave Yost, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

———————————