[Cite as *State ex rel. Bradford v. Bowen*, 2021-Ohio-2336.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO, ex rel. PELE K. BRADFORD,

Petitioner,

v.

RICHARD A. BOWEN, JR., WARDEN,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0025**

---

Writ of Habeas Corpus

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Pele K. Bradford, Pro se,* #A475-341, Ohio State Penitentiary, 878 Coitsville-Hubbard Road, Youngstown, Ohio 44505

*Atty. William H. Lamb*, Assistant Attorney General, Criminal Justice Section, 1600 Carew Tower, Cincinnati, Ohio 45202, for Respondent.

Dated: June 30, 2021

**PER CURIAM.**

{¶1}   Petitioner Pele K. Bradford, a prison inmate representing himself, has filed a petition for a writ of habeas corpus seeking immediate release from the Ohio State Penitentiary (OSP) in Youngstown, Ohio, where he is presently incarcerated.  The petition names as respondent, Richard A. Bowen, Jr., Warden of the OSP.  Petitioner argues his conviction in adult court is void ab initio because he was 17 years old at the time of the offense, apprehension, and trial.  Respondent has filed a motion to dismiss the petition or, in the alternative, a motion for summary judgment, with a copy of Petitioner's birth certificate attached establishing that he was 18 years old at the time of the offense.  For that reason, the Court grants Respondent's motion for summary judgment and dismisses the petition.

{¶2}   In 2005, a Hamilton County Common Pleas Court jury convicted Petitioner of aggravated murder, having a weapon while under disability, and attendant firearm specifications.  The trial court sentenced Petitioner to an aggregate 23-year term of imprisonment.  The First District Court of Appeals affirmed Petitioner's convictions and sentences. *State v. Bradford*, 1st Dist. Hamilton No. C-040382, 2005-Ohio-2208.  Petitioner did not seek review from the Ohio Supreme Court.

{¶3}   In 2007, Petitioner pleaded guilty to escape after climbing the perimeter fence at Ross Correctional Institution.  The trial court sentenced Petitioner to a 2-year term of imprisonment to be served consecutively to the sentence for which he was imprisoned at the time of the offense.  Petitioner did not pursue a direct appeal of that conviction and sentence, but did file a postconviction relief petition claiming the indictment

named Pele K. Bradford, a wholly separate and distinct entity which Petitioner attempted to prove by way of a security agreement, two affidavits, and several Uniform Commercial Code documents. The trial court rejected the argument and dismissed the petition. The Fourth District Court of Appeals affirmed. *State v. Bradford*, 4th Dist. Ross No. 08CA3053, 2009-Ohio-1864.

{¶4} Petitioner continues his attempts to collaterally attack his convictions and sentences. To date, Petitioner has identified in his civil litigation history affidavit 38 instances of collateral attack, including: postconviction motions filed in the trial courts; appeals of the denial of those motions to the courts of appeal and the Ohio Supreme Court; original actions (habeas, mandamus, procedendo, and prohibition) filed in various common pleas courts, courts of appeal, and the Ohio Supreme Court; appeal of the dismissals of those original actions to the courts of appeals and the Ohio Supreme Court; habeas filed in federal district court and appeal of the denial of that writ to the federal circuit court of appeals; and two court of claims actions. Petitioner's most recent iteration is the original action in habeas corpus that he filed with this court.

{¶5} R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." Generally, the writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or postconviction relief. *In re Pianowski*, 7th Dist. Mahoning No. 03MA16, 2003-Ohio-3881, ¶ 3; *see also State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994).

**{¶6}** However, the availability of an adequate remedy at law is not a barrier to habeas when the state prosecutes a juvenile in adult court under the mistaken belief that the defendant was an adult when the offense was committed. *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, ¶ 21, *reconsideration denied*, 158 Ohio St.3d 1437, 2020-Ohio-877, 141 N.E.3d 254. As the Ohio Supreme Court observed, this result is compelled by the General Assembly in the bindover statute which expressly provides that "[a]ny prosecution that is had in a criminal court on the mistaken belief that the person who is the subject of the case was eighteen years of age or older at the time of the commission of the offense shall be deemed a nullity, and the person shall not be considered to have been in jeopardy on the offense." R.C. 2152.12(H).

**{¶7}** Respondent has requested summary judgment in this matter. Summary judgment is governed by Civ.R. 56(C). Pursuant to Civ.R. 56(C), a trial court shall grant a motion for summary judgment if, after construing the evidence in a light most favorable to the nonmoving party, the court finds an absence of a genuine issue of material fact and that reasonable minds can reach only one conclusion, that the moving party is entitled to judgment as a matter of law. *State ex rel. Sweeting v. Starr,* 7th Dist. No. 14 NO 412, 2014-Ohio-5505, ¶ 3, citing *State ex rel. Parsons v. Flemin,* 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).

**{¶8}** In this instance, the viability of Petitioner's habeas claim centers on whether Petitioner was a juvenile at the time of the offense. Respondent has submitted a copy of Petitioner's birth certificate which demonstrates he was 18 years old at the time of the offense. Petitioner relies on a copy of a U.S. Department of Education Student Financial Assistance document which bears a date of birth that would make him 17 years old at the

time of the offense.  We find that reasonable minds can only conclude that Petitioner's birth certificate provides the more reliable and credible evidence of his date of birth.

{¶9}    Accordingly, Respondent's motion for summary judgment is sustained and Petitioner's original action for a writ of habeas corpus is dismissed.

{¶10} Final order.  Clerk to service notice as provided by the Rules of Civil Procedure.  Costs taxed to Petitioner.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE DAVID A. D'APOLITO**