[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bradford v. Bowen*, Slip Opinion No. 2022-Ohio-351.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-351

THE STATE EX REL. BRADFORD, APPELLANT, *v*. BOWEN, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bradford v. Bowen*, Slip Opinion No. 2022-Ohio-351.]**

*Habeas corpus—Court of appeals improperly considered an unauthenticated document submitted in support of warden's motion for summary judgment— The reliability of documents purportedly printed from a website is questionable unless verified by a sworn affidavit—Court of appeals' dismissal of petition reversed and cause remanded.*

(No. 2021-0952—Submitted December 7, 2021—Decided February 10, 2022.)

APPEAL from the Court of Appeals for Mahoning County, No. 20 MA 0025, 2021-Ohio-2336.

_____

**Per Curiam.**

{¶ 1} Appellant, Pele K. Bradford, appeals of right from the judgment of the Seventh District Court of Appeals dismissing his petition for a writ of habeas

corpus. Because the court of appeals improperly considered an unauthenticated document submitted by appellee, Warden Richard Bowen Jr., in support of a motion for summary judgment, we reverse the judgment of the court of appeals and remand the cause to that court to allow the writ and to require the warden to make a return.

**Background**

{¶ 2} In 2004, a jury found Bradford guilty of aggravated murder, having a weapon while under a disability, and two firearm specifications for an incident that occurred on January 2, 2004. The firearm specifications were merged for sentencing. Bradford was sentenced to life in prison with parole eligibility after 20 years for aggravated murder, one year in prison for having a weapon while under a disability, and three years in prison for the firearm specification. The prison terms were ordered to be served consecutively. In 2007, he was convicted of escape, for which he received an additional two-year prison sentence.

{¶ 3} In February 2020, Bradford filed a petition for a writ of habeas corpus in the court of appeals alleging that his 2004 convictions are void because he was 17 years old at the time of the offenses and was not bound over from a juvenile court. He relies on a form 1099-C he received in 2011 from the United States Department of Education reporting the cancelation of debt on a student loan and a notice he received from the Internal Revenue Service ("IRS") in 2017, both of which list his date of birth as November 25, 1986. He also purports to rely on a "Christian Baptismal Certificate" that allegedly lists the same birthdate, but he did not file a baptismal certificate with his petition.

{¶ 4} The warden filed a "motion to dismiss or, in the alternative, motion for summary judgment," arguing, among other things, that Bradford had not offered "the best evidence to support his factual assertion of his birthdate." The warden attached to his motion a copy of a birth certificate that lists Bradford's birthdate as November 25, 1978. In his motion, the warden stated that he had "obtained a birth certificate from Bradford's file" and that he was "submit[ting] an authenticated copy

thereof that establishes Bradford's birth date several years prior to the birthdate Bradford is claiming in his petition." The document the warden filed with his motion does not contain the original signature of the local registrar who certified the document, nor does it include a seal. The warden did not authenticate the document by affidavit; he simply attached it to his motion.

{¶ 5} Bradford filed a memorandum in opposition to the warden's motion as well as a motion to strike the document as improper summary-judgment evidence under Civ.R. 56(C). The court of appeals denied the motion to strike and granted summary judgment in the warden's favor. The court found that "reasonable minds can only conclude that [Bradford's] birth certificate provides the more reliable and credible evidence of his date of birth." 2021-Ohio-2336, ¶ 8.

{¶ 6} Bradford has appealed of right to this court.

**Analysis**

{¶ 7} "A writ of habeas corpus lies in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law." *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). "Habeas corpus will lie when a judgment is void due to lack of jurisdiction." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 8.

{¶ 8} Bradford's claim—that the trial court did not have jurisdiction over him, because he was not yet 18 years old at the time of the offenses and there was no bindover from a juvenile court—is cognizable in habeas corpus. *State ex rel. Harris v. Anderson*, 76 Ohio St.3d 193, 195-196, 667 N.E.2d 1 (1996); *see also* R.C. 2152.12(H) ("Any prosecution that is had in a criminal court on the mistaken belief that the person who is the subject of the case was eighteen years of age or older at the time of the commission of the offense shall be deemed a nullity * * *"). We review de novo the court of appeals' decision granting the warden's motion for

summary judgment on Bradford's claim. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12.

{¶ 9} Bradford argues that the court of appeals erred by relying on the copy of the birth certificate attached to the warden's motion because that document was not properly before the court under Civ.R. 56(C). That rule allows a court to render summary judgment only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "When deciding a summary-judgment motion, it is generally error for a court to rely on other types of evidence that has not been authenticated by way of an attached affidavit." *State ex rel. Parker v. Russo*, 158 Ohio St.3d 123, 2019-Ohio-4420, 140 N.E.3d 602, ¶ 10. Indeed, Civ.R. 56(C) provides that "[n]o evidence or stipulation may be considered except as stated in this rule."

{¶ 10} Bradford is correct that the document the warden attached to his motion does not comply with Civ.R. 56(C). The warden simply attached the document to his motion without authenticating it by affidavit.

{¶ 11} We reject the warden's argument that he did not need to authenticate the document by affidavit, because it was self-authenticating under Evid.R. 902(4). Because "Civ.R. 56(C) places strict limitations upon the type of documentary evidence that a party may use in support of * * * summary judgment," "[d]ocuments merely attached to a summary judgment motion, even though allegedly certified as official records, are not cognizable." *Hager v. Waste Technologies Indus.*, 7th Dist. Columbiana No. 2000-CO-45, 2002-Ohio-3466, ¶ 92. Moreover, the warden has not shown that the document he attached to his motion satisfies Evid.R. 902(4), which provides that an official record is self-authenticating only if it bears an appropriate certification—typically an original signature and a seal. The document the warden submitted bears *a copy* of a purported certification and no seal—and thus does not

4

satisfy Evid.R. 902(4). We therefore hold that the court of appeals erred when it considered the document attached to the warden's motion.

{¶ 12} The warden suggests that the court of appeals did not need to consider the document attached to his motion, because it could have taken judicial notice of Bradford's birthdate as November 25, 1978, as indicated on the website of the Department of Rehabilitation and Correction ("DRC"). The warden relies on *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8, to argue that a court may take judicial notice of "a public record available on the internet." But *Everhart* merely recognizes that other courts have taken judicial notice of court records that were available on the Internet. *See id*. Even if the record at issue here—Bradford's birth certificate—were accessible on the DRC's website, *Everhart* does not support the warden's broad assertion that a court may take judicial notice of any public record that is available online. "It is impossible to determine the credibility and reliability of documents purportedly printed from a website. The reliability of such documents is questionable, unless verified by a sworn affidavit." *Lebron v. A & A Safety, Inc*., 8th Dist. Cuyahoga No. 96976, 2012-Ohio-1637, ¶ 11. Moreover, it would have been improper for the court of appeals to take judicial notice of the birthdate indicated on the DRC's website because Bradford's birthdate is a fact that currently is "subject to reasonable dispute," Evid.R. 201(B).

{¶ 13} The warden also argues that it was proper for the court of appeals to grant summary judgment because Bradford's own evidence—the form 1099-C and the IRS notice—does not satisfy Bradford's burden of proof. It is true that "[i]n habeas corpus cases, the burden of proof is on the petitioner to establish his right to release." *Chari v. Vore*, 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001). This includes the burden to "introduce evidence to overcome the presumption of regularity that attaches to all court proceedings." *Id*. But the question before us is whether Bradford has stated a claim requiring the warden to make a return on the

writ. Because Bradford has stated a cognizable habeas claim and the warden has not made a return, Bradford does not yet need to prove his claim with evidence. *See Harris*, 76 Ohio St.3d at 196, 667 N.E.2d 1.

{¶ 14} The warden also argues that the court of appeals properly dismissed the petition because Bradford did not timely file copies of his commitment papers under R.C. 2725.04(D) or an affidavit of prior civil actions under R.C. 2969.25(A). The warden is mistaken. Bradford's 2004 and 2007 sentencing entries were attached to his petition, and Bradford filed an affidavit of prior civil actions the same day that he filed his petition. These arguments therefore lack merit.

{¶ 15} Just as we did in *Harris*, we remand the cause "to the court of appeals to allow the writ, require [the warden] to make a return, and determine whether a bindover was required," *id*. at 196. On remand, after the warden makes a return, the court of appeals must weigh the parties' evidence—and it may do so without an evidentiary hearing. *See Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 381-382, 667 N.E.2d 1194 (1996). In other cases, we have avoided the necessity of a remand by treating a dispositive motion as a return and weighing the evidence ourselves. *See, e.g.*, *Hammond v. Dallman*, 63 Ohio St.3d 666, 667, 590 N.E.2d 744 (1992). That is not an option here, however, because the warden's motion "did not contain a sworn statement concerning [Bradford's] age at the time of the offenses or properly authenticated documents establishing such age," *Harris* at 196. *Compare Hammond* at 667 (dispositive motion was "supported by the proper authenticated documents").

## Conclusion

{¶ 16} We reverse the judgment of the court of appeals and remand the cause to that court to allow the writ, to require the warden to make a return, and to determine whether Bradford was under 18 years old on January 2, 2004.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Pele K. Bradford, pro se.

Dave Yost, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

_____