[Cite as *State ex rel. Ames v. Portage Cty. Solid Waste Mgt. Dist. Bd. of Commrs.*, 2024-Ohio-894.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | CASE NO. 2023-P-0083 |
| Relator-Appellant, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| PORTAGE COUNTY SOLID WASTE MANAGEMENT DISTRICT BOARD OF COMMISSIONERS, et al., | Trial Court No. 2021 CV 00617 |
| Respondents-Appellees. | |

**O P I N IO N**

Decided: March 11, 2024
Judgment: Affirmed

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondents-Appellees).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Brian M. Ames, appeals the judgment of the Portage County Court of Common Pleas, after a bench trial, entered in favor of appellees, Portage County Solid Waste Management District Board of Commissioners ("PCSWM"), et al., on his complaint filed pursuant to R.C. Chapter 121.22, Ohio's Open Meetings Act. We affirm.

{¶2} On January 9, 2020, Portage County Board of County Commissioners convened for a meeting. During that meeting, PCSWM met to discuss specific tabled

items. On October 14, 2021, appellant filed a "Verified Complaint in Declaratory Judgment, Injunction, and Mandamus for enforcement of R.C. 121.22." In his complaint, appellant alleged the minutes of the meeting did not reflect the location where the meeting was held. Moreover, appellant asserted the minutes did not reflect the names of all individuals present during an executive session. ("Count 1").

{¶3} Under Count 2 of his complaint, appellant alleged that, during the executive session, PCSWM members discussed the medical status concerning an employee who had been on leave for several months without pay and who was awaiting Ohio Public Employee Retirement System's evaluation of his claim for disability. Appellant asserted PCSWM also discussed the requisition of another employee to fill the "operational void" of the employee on leave. Appellant alleged PCSWM discussed the further eligibility for leave without pay for the employee on leave. Appellant contended that this discussion involved compensation, not employment, in violation of R.C. 121.22. Further, appellant maintained there is no exception under R.C. 121.22 for considering personnel requisition in an executive session.

{¶4} Appellant moved for summary judgment. Appellees did not formally oppose the motion, but the trial court denied the same because the exhibits attached to the motion were neither authenticated nor identified by affidavit. The matter accordingly proceeded to a bench trial on October 5, 2023. With respect to Count 1, the trial court determined:

> There is no basis under the Open Meetings Act, R.C. 121.22, or other law that the location where the public body's meeting was held or the individual's present in an executive session be specified in its meeting minutes. R.C. 121.22(C) specifically requires minutes [to] include the general subject matter of discussions in executive session but the General Assembly did not see fit to require the names of individuals in the session in such minutes. R.C. 121.22(F) requires a

2

reasonable method be set forth in advance for people to "determine the time and place of [* * *] meetings"; no provision is made for memorializing the location of past meetings. The Court declines to create new requirements for the minutes of public bodies in the absence of statutory authority.

{¶5} The trial court, accordingly, ruled in favor of PCSWM and against appellant on the allegations contained in Count 1.

{¶6} Regarding Count 2, the trial court determined that the evidence at trial included the admissions of PCSWM by way of its answer to appellant's complaint. In the answer, PCSWM asserted it went into executive session to discuss employment of a public employee; PCSWM then re-entered open session and voted to extend the employee's leave without pay and authorized posting of a full-time position to replace the individual on leave. In light of these points, the court determined appellant failed to establish that R.C. 121.22 was violated and therefore appellant did not prove by the greater weight of the evidence that discussions included in executive session were improper subjects under the statute.

{¶7} The trial court consequently ruled in favor of PCSWM and against appellant on the allegations contained in Count 2.

{¶8} Appellant now appeals and assigns five errors for this court's review. The initial three assignments of error are interrelated and therefore shall be discussed together. They provide:

[1.] The trial court committed reversible error by not considering the sworn statements attached to Mr. Ames' motion for summary judgment.

[2.] The trial court committed reversible error by denying Mr. Ames' motion for summary judgment as to Count 1 of the complaint.

3

[3.] The trial court committed reversible error by denying Mr. Ames' motion for summary judgment as to Count 2 of the complaint.

{¶9} Appellant first argues the trial court erred in failing to consider the exhibits and "sworn statements" attached to his motion. Appellant attached the following exhibits to his motion: (1) Requests for admissions, sworn to, without an affidavit, by the ostensible individuals rendering the admissions; (2) interrogatories and their answers, similarly sworn to, but without an affidavit, by the party responding; (3) a copy of the meeting minutes from the January 9, 2020 meeting certified by the members of the PCSWM, without an accompanying affidavit; (4) a personnel requisition form, unsworn and without an accompanying affidavit; (5) a letter to the employee on medical leave communicating his leave will be extended, without an accompanying affidavit; and (6) a letter from the Ohio Public Employees Retirement System granting the employee's application for disability, without an accompanying affidavit.

{¶10} In response, PCSWM asserts that the trial court's denial of appellant's motion for summary judgment was rendered moot because the trial court ultimately held a trial on the same issues raised in appellant's motion. Specifically, PCSWM emphasizes that "[a]ny error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 642 N.E.2d 615 (1994), syllabus. Although PCSWM's citation is accurate, appellant's arguments initially take issue with the procedure utilized

4

by the trial court in denying summary judgment. We shall accordingly address the assigned errors in the interest of a comprehensive analysis.

{¶11} "Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. Those materials are 'pleadings, depositions, answers to interrogatories written admissions, affidavits, transcripts of evidence, and written stipulations of fact.'" (Internal citation omitted.) *Emerson Family Ltd. Partnership v. Emerson Tool, LLC,* 9th Dist. Summit No. 26200, 2012-Ohio-5647, ¶ 14, quoting Civ.R. 56(C).

{¶12} "When deciding a summary judgment motion, it is generally error for a court to rely on other types of evidence that has not been authenticated by way of an attached affidavit." *State ex rel. Parker v. Russo*, 158 Ohio St.3d 123, 2019-Ohio-4420, 140 N.E.3d 602, ¶ 10, citing *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 97, 647 N.E.2d 788 (1995), and *Rogoff v. King*, 91 Ohio App.3d 438, 446, 632 N.E.2d 977 (8th Dist.1993) ("The proper procedure for the introduction of evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate the material by reference into a properly framed affidavit.")

{¶13} "'If a document is not of the type enumerated in Civ.R. 56(C), a trial court may consider that document when ruling on a motion for summary judgment if there is no objection. However, it is well within the trial court's discretion to ignore these documents. [Citations omitted].'" *Salmon v. Jordan*, 11th Dist. Portage No. 98-P-0098, 1999 WL 1074112, *2 (Nov.12, 1999), quoting *Trimble-Weber v. Weber*, 119 Ohio App.3d 402, 406, 695 N.E.2d 344 (11th Dist.1997).

5

{¶14} We shall address the materials attached to appellant's motion for summary judgment out of order. With respect to the copy of the meeting minutes, even though there is a certification by members of the PCSWM, the meeting minutes were not sworn to by an affidavit. The Supreme Court of Ohio, adopting the holding of the Seventh Appellate District, has observed: "'Civ.R. 56(C) places strict limitations upon the type of documentary evidence that a party may use in support of * * * summary judgment,' '[d]ocuments merely attached to a summary judgment motion, even though allegedly certified as official records, are not cognizable.'" *State ex rel. Bradford v. Bowen*, 167 Ohio St.3d 477, 2022-Ohio-351, 195 N.E.3d 345, ¶ 11, quoting *Hager v. Waste Technologies Indus.*, 7th Dist. Columbiana No. 2000-CO-45, 2002-Ohio-3466, ¶ 92. Furthermore, it bears emphasis that the document at issue does not clearly satisfy Evid.R. 902(4), the evidentiary rule governing self-authenticating public records. That rule "provides that an official record is self-authenticating only if it bears an appropriate certification—typically an original signature and a seal." *Bowen* at ¶ 11. Here, the document bears a certification, but no seal. It therefore does not satisfy the criteria for self-authentication under Evid.R. 902(4). *Id.* The trial court did not err in declining to consider the copy of the meeting minutes attached to the motion for summary judgment.

{¶15} Next, items (5) and (6), the letters, are also not material specified under Civ.R. 56(C). Appellant did not attach affidavits to these letters. Similarly, item (4), the personnel requisition form, was unaccompanied by an affidavit. Accordingly, each of these three items are not evidentiary materials contemplated by Civ.R. 56(C), and the trial court did not err when it declined to consider the same.

6

{¶16} It would appear, however, the trial court erred when it declined to consider the request for admissions as well as the interrogatories (items (1) and (2)) because these documents are expressly included as evidentiary materials permissibly submitted in a motion for summary judgment. Nonetheless, a review of these materials fails to demonstrate there was no genuine issue of material fact such that appellant was entitled to judgment as a matter of law on his complaint.

{¶17} In the attached request for admissions, appellees admit PCSWM went into executive session to discuss an employee's leave without pay for medical reasons. Pursuant to a PCSWM journal entry, the employee was approved for extended leave without pay. PCSWM neither admitted nor denied that a personnel requisition was discussed in the executive session, but denied the personnel requisition was unrelated to the employee on leave without pay or his employment. Further, in the interrogatories, PCSWM stated that the personnel requisition was intended to fill an "operational void," i.e., a need for a new employee to be placed in the vacant position due to the short staffing. This "void" was caused by the extension of the unpaid medical leave of the employee which triggered the executive-session discussion(s).

{¶18} In light of the foregoing, there were genuine issues of material fact relating to whether the matters addressed in the executive session were proper because R.C. 121.22 expressly permits a public body to enter executive session to consider "the appointment [and] employment * * * of a public employee[.]" R.C. 121.22(G)(1). Put differently, the properly submitted evidentiary materials simply fail to establish, as a matter of law, that appellees' discussion(s) were violative of the provisions of R.C. 121.22. In

7

this respect, the trial court properly denied summary judgment on Count 2 of appellant's complaint.

{¶19} Further, appellant failed to cite any statutory or case law in support of his position that appellees' meeting minutes were required to reflect the location of where the meeting was held. Because no memorandum in opposition was filed on behalf of PCSWM to refute appellant's allegation, there were genuine issues of material fact regarding appellant's claim set forth under Count 1. In sum, the trial court did not err in denying appellant's motion for summary judgment.

{¶20} Appellant's first, second, and third assignments of error lack merit.

{¶21} Appellant's fourth assignment of error provides:

> The trial court committed reversible error by denying Mr. Ames' judgment as to Count 1 of the complaint.

{¶22} Under this assignment of error, appellant emphasizes that, in general, meeting minutes serve as notice that the meeting occurred, who was present, and the nature of the issues discussed. He argues that, to constitute a full and accurate rendition of the meeting, the minutes must provide the time, place, and purpose of all special meetings; in this case, appellant claims the January 9, 2020 meeting minutes did not meet these requirements; in particular, the meeting minutes failed to set forth the location of PCSWM's meeting place. In support, appellant cites R.C. 121.22(F), which provides:

> Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings. A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media that have requested notification, except in the event of an emergency requiring immediate official action.

8

Case No. 2023-P-0083

{¶23} In this case, there is nothing to indicate that the Thursday, January 9, 2020, meeting was a special meeting. In this regard, even if appellant is arguing the notice was inadequate (a matter not entirely clear from appellant's brief), there is no factual issue regarding whether the special notice requirements were triggered. *See, e.g., State ex rel. Thomas v. Wood Co. Bd. of Elections*, --- Ohio St.3d ----, 2024-Ohio-379, --- N.E.3d ----, ¶ 50. Appellant's citation to subsection (F) and the attending argument are not persuasive.

{¶24} Additionally, this court has previously determined that a public body's minutes "serve as notice that the meeting occurred." In *State ex rel. Ames v. Portage Cty. Solid Waste Mgt. Dist. Bd. of Commrs.*, 2023-Ohio-4870, --- N.E.3d ---- (11th Dist.), this court addressed approximately the same issue raised by appellant in a separate case involving the same parties. In that matter, this court determined "R.C. 121.22(F) is concerned with public bodies providing *advance* notice of their meetings so that the public may attend and participate, not post-meeting notice." (Emphasis sic.) *Id.* at ¶ 53. As a matter of law, appellant was not entitled to judgment.

{¶25} Moreover, "[f]or public records maintained under R.C. 121.22 * * *, full and accurate minutes must contain sufficient facts and information to permit the public to understand and appreciate the rationale behind the relevant public body's decision." *White v. Clinton Cty. Bd. of Commrs.*, 76 Ohio St.3d 416, 667 N.E.2d 1223 (1996), at paragraph two of the syllabus.

{¶26} Here, the record indicates the meeting in question was a regular meeting held in the general course of the county's business. Dawn Collins, current Director of PCSWM, testified she was the deputy director at the time the meeting was held. She

9

testified that the county commissioners' board meetings are held on the seventh floor of the Portage County Administration Building. Ms. Collins testified that PCSWM's meetings are held on the same day as all other county business and the PCSWM meeting location is reflected on its website. Ms. Collins testified this procedure has been in place since she first commenced her employment, some 12 years prior to the hearing. She also testified the location of the meetings are on PCSWM's website.

{¶27} We maintain that the foregoing established sufficient evidence, as a matter of law, to support the conclusion PCSWM has a de facto rule that establishes a reasonable method whereby a member of the public may determine the time and place of all regularly scheduled meetings. Moreover, even though appellant requests this court to declare, as a matter of law, that the location of the meeting must appear in the meeting minutes, we decline to extend the holding of the Supreme Court of Ohio in *White*.

{¶28} Importantly, appellant, at the hearing, conceded he had no legal authority to support the proposition that meeting minutes are inaccurate or incomplete if they do not state where the meeting was held. Indeed, appellant advised the trial court that his argument was "a matter of first impression." Although appellant did not offer sworn testimony on this point, he advanced the argument during a dialogue with the court wherein the trial judge questioned him regarding the legal authority of his argument. Appellant essentially agreed that no court has extended the statute to require the location of the meeting to be a part of the minutes. As the trial court concluded, no provision under R.C. 121.22 requires "memorializing the location of past meetings. The Court declines to create a new requirement for the minutes of public bodies in the absence of statutory authority." We agree with and adopt the trial court's conclusion.

10

Case No. 2023-P-0083

**{¶29}** Appellant's fourth assignment of error lacks merit.

**{¶30}** Appellant's fifth assignment of error asserts:

> The trial court committed reversible error by denying Mr.
> Ames' judgment as to Count 2 of the complaint.

**{¶31}** Appellant's fifth assignment of error challenges the trial court's determination that, after a trial to the bench, he was not entitled to the relief sought for Count 2. Specifically, he argues that "compensation" should have been included as a purpose of the executive session during the January 9, 2020 meeting. He additionally contends that personnel requisition was a matter discussed in executive session, a matter not excepted by R.C. 121.22(G), the section governing matters relating to executive sessions. In effect, appellant challenges the sufficiency and/or manifest weight of the evidence upon which the trial court premised its conclusion.

**{¶32}** "[A]n appellate court will not reverse a judgment as being contrary to the weight of the evidence as long as there is some competent, credible evidence supporting the judgment." (Citation omitted.) *In re Kangas*, 11th Dist. Ashtabula No. 2006-A-0084, 2007-Ohio-1921, 2007 WL 1175895, ¶ 81. The manifest-weight standard of review is the same in a civil case as in a criminal case. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17.

**{¶33}** When applying the manifest-weight standard of review, the reviewing court reviews the entire record, "'"weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."'" *Id.* at ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist.2001),

11

quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "The finder of fact is entitled to believe all, part, or none of the testimony of any witness." *River Oaks Homes, Inc. v. Twin Vinyl, Inc.*, 11th Dist. Lake No. 2007-L-117, 2008-Ohio-4301, ¶ 27.

{¶34} "Under the manifest weight standard of review, we are 'guided by a presumption' that the fact-finder's findings are correct." *Terry v. Kellstone, Inc.*, 6th Dist. Erie No. E-12-061, 2013-Ohio-4419, ¶ 13, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273 (1984). *See also Eastley* at ¶ 21. We must make "'"every reasonable presumption * * * in favor of the judgment and the finding of facts.'" *Id.*, quoting *Seasons Coal Co.* at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978). "'"If the evidence is susceptible of more than one construction,"'" we are "'"bound to give it that interpretation which is consistent with the * * * judgment [and] most favorable to sustaining the * * * judgment."'" *Eastley* at ¶ 21, quoting *Seasons Coal Co.* at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978).

{¶35} "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Eastley*, 2012-Ohio-2179, at ¶ 19.

{¶36} This court has observed that "a public body must specifically identify the permitted purpose or purposes for an executive session." *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2019-Ohio-3729, 144 N.E.3d 1010, ¶ 57 (11th Dist.). Even though a public body is not required to use exact language when stating its purpose for entering

12

executive session, it must make clear which statutory purpose applied to the session. *Id.* at ¶ 62.

**{¶37}** Appellant claims that even though PCSWM noted it was entering executive session to "discuss employment of a public employee," it actually additionally discussed compensation as well. He also alleges that personnel requisition was a fundamental aspect of executive session, a matter not excepted under the statute. We hold appellant's construction of the statutory requirements are too narrow.

**{¶38}** In a separate appeal filed by appellant, he made a similar argument, which this court rejected. In *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2022-Ohio-105, 183 N.E.3d 633 (11th Dist.), appellant argued that even though "employment" is identified under the statute as an appropriate purpose for entering executive session, the respondents' use of the word "employment" did not capture the actual purpose of the session. *Id.* at ¶ 11. This court rejected the argument, concluding "[t]he term 'employment' fairly describes the substance of what was considered in executive session * * *." *Id.* at ¶ 12. This court observed that even though other matters were discussed during the executive session, such matters were incidental to the employment matter for which executive session was entered. *Id.* Moreover, this court emphasized:

> "None of the purposes for executive session contained in R.C. 121.22(G)(1) are statutorily defined and we are aware of no authority applying these terms in anything but their common usage. Furthermore, it is evident that in their common usage the terms appointment, employment, dismissal, discipline, promotion, demotion, and compensation are not mutually exclusive but, to a certain extent, are capable of describing similar conduct.

*Ames*, 2022-Ohio-105, at ¶ 13.

13

Case No. 2023-P-0083

{¶39} Similar to the foregoing matter, appellant is asking this court to find error where it is undisputed that the extended unpaid medical leave relating to a public employee was discussed. While the term "unpaid" denotes the lack of compensation, compensation, as it is typically understood, was not a matter PCSWM specifically broached. Because PCSWM was discussing the "extension" of unpaid medical leave, it follows that the employee had previously been permitted such leave. Accordingly, the January 9, 2020 executive session, as it related to the employee at issue, did not relate to compensation at all, but whether the employee would receive an extension in order to remain employed *without compensation* for an additional period of time.

{¶40} Further, even though appellant asserts that PCSWM discussed hiring a new individual to replace the "operational void" left by the employee on unpaid medical leave, we maintain that this discussion, to the extent it occurred, was adjunct and incidental to "employment." The record demonstrates that PCSWM was short-staffed and needed a new employee to fill the vacancy left by the employee on unpaid medical leave. And by extending medical leave to the employee, it reasonably follows that employment matters relating to extending the unpaid leave would arise.

{¶41} In other words, by extending the unpaid medical leave to the employee, PCSWM remained short-staffed. It naturally follows that a transition plan to post a position to fill the "operational void" would be broached. Although this point does not relate *directly* to the employment of the individual on unpaid leave, it is inherently related to the decision to extend the leave. Accordingly, we conclude that, while the purposes for executive session are jointly exhaustive, in this matter, the reason announced for

14

entering executive session, i.e., "employment," reasonably enveloped the scope of the discussion(s) which occurred in the January 9, 2020 session.

{¶42} Appellant's final assignment of error lacks merit.

{¶43} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2023-P-0083